**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Jeffrey H. Wolf, SBN 011361
Aaron C. Schepler, SBN 019985
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denny's, Inc., a California corporation; DFO, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Kennedy Restaurants, L.L.C., an Arizona limited liability company; Sandra D. Kennedy and John Doe Kennedy, husband and wife; M. C. Burton, Jr., and Jane Doe Burton, husband and wife,<br><br>　　　　　　　　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Trademark Infringement; Unfair Competition; Breach of Contract; Declaratory Relief)** |

　　　　For their complaint, plaintiffs Denny's, Inc. and DFO, LLC, allege as follows:

**SUMMARY OF ACTION**

　　　　1.　　Plaintiffs Denny's, Inc., and DFO, LLC, have filed this action to enjoin its former franchisee, defendant Kennedy Restaurants, L.L.C., and its principals, defendants Sandra D. Kennedy and M. C. Burton, Jr., from their unauthorized use of the *Denny's*® name and service marks, from using or disclosing to others Plaintiffs' proprietary and confidential business information, and to prevent their ongoing violations of the non-compete provisions of their franchise agreement. In this complaint, Plaintiffs seek

declaratory and injunctive relief, and allege claims for federal trademark infringement and unfair competition under the Lanham Act, as well as state-law claims for breach of contract and declaratory relief.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Denny's, Inc. ("Denny's"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Spartanburg, South Carolina.

3. Plaintiff DFO, LLC ("DFO"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Spartanburg, South Carolina.

4. Defendant Kennedy Restaurants, L.L.C. ("Kennedy Restaurants"), is a limited liability company organized and existing under the laws of the State of Arizona, with its principal place of business located in Phoenix, Arizona.

5. Defendants Sandra D. Kennedy ("Kennedy") and John Doe Kennedy are husband and wife, and are citizens of the State of Arizona. Upon information and belief, all of the acts alleged herein were committed on behalf and in furtherance of the Kennedys' marital community.

6. Defendant Kennedy is the sole member and manager of Kennedy Restaurants.

7. Defendants M. C. Burton, Jr. ("Burton"), and Jane Doe Burton are husband and wife, and are citizens of the State of Arizona. Upon information and belief, all of the acts alleged herein were committed on behalf and in furtherance of the Burtons' marital community.

8. The Court has personal jurisdiction over the defendants.

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and as to certain claims, § 1367.

10. Venue is proper pursuant to 28 U.S.C. §§ 1392(b)(1) and 1391(b)(2) because a substantial part of the events giving rise to this action occurred within this judicial district, and some or all of the defendants reside in this district.

## GENERAL ALLEGATIONS

### DFO's Business and the Denny's® Marks

11. DFO licenses the operation of a nationwide chain of restaurants under the *Denny's*® brand name.

12. DFO owns the trademark, service mark, and trade name *Denny's*® and other related trademarks, service marks, trade names, copyrights, labels, designs, symbols, and unique logotypes (collectively, the "Denny's Marks").

13. DFO has a unique and particular plan for the operation of family-style restaurants including, but not limited to, the Denny's Marks, the Operations Manual, the Food Service Standards Manual, policies, standards, procedures, employee uniforms, signs, menus, marketing programs, and related items, as well as the reputation and goodwill of DFO's chain of restaurants (collectively, the "Denny's System").

14. DFO has the right to grant to others the right and license to operate *Denny's*® restaurants using the Denny's Marks and the Denny's System. The franchisees to whom these rights are granted are subject to continuing control by DFO of the method of operation of these restaurants, and the quality of the goods and services provided by such restaurants.

### The Franchise Agreement Between DFO and Kennedy Restaurants

#### Defendants' obligation to pay royalty fees and ad fees on a timely basis

15. On October 24, 1995, Kennedy Restaurants entered into a "DFO, Inc. Franchise Agreement" (hereinafter, "Franchise Agreement") with DFO, Inc., the

predecessor-in-interest to DFO, LLC, under which DFO granted Kennedy Restaurants the right to operate a *Denny's®* restaurant located at 4303 West Glendale in Glendale, Arizona (the "Restaurant").  A true and correct copy of the Franchise Agreement is attached as **Exhibit 1**.

16. The Franchise Agreement requires the franchisee to pay DFO "[f]or the use of the Denny's Marks and the availability of Company supplied supervisory, training and other professional personnel, a weekly royalty fee in the sum of four percent (4%) of [the Restaurant's] weekly gross sales" (hereinafter "Royalty Fees").  *See* Franchise Agreement, § 6.1(b).

17. The Franchise Agreement also requires the franchisee to pay DFO "[a] fee for advertising, public relations and promotion and for the creation and development of public relations and promotional campaigns . . . in the amount of two percent (2%) of [the Restaurant's] weekly gross sales" (hereinafter "Ad Fees").  *See* Franchise Agreement, § 6.1(c).

18. Each weekly accounting period ends on Wednesday at 3:00 p.m.  The franchisee must pay that week's Royalty Fees and Ad Fees, in the form of a check or wire transfer, by the Friday immediately following the close of that week's accounting period.  *See* Franchise Agreement §§ 7.2 and 7.3.

19. Any past-due amounts are subject to a late charge.  Pursuant to Section 6.2 of the Franchise Agreement, interest accrues on any unpaid amounts due at the rate of 15% annually.

20. Pursuant to Section 18.2(i) of the Franchise Agreement, DFO may immediately terminate the Franchise Agreement, without prior notice to the franchisee, if during any 12-month period, the franchisee fails more than three times to comply with one

of more standards or requirements of the Franchise Agreement (including payment obligations) after receiving notice, even if the deficiencies are ultimately cured.

**The post-termination restrictive covenants contained in the Franchise Agreement**

21. In the event of a termination of the Franchise Agreement, the franchisee must promptly cease to use, in any manner and for any purpose, directly or indirectly, and shall immediately return to DFO any of DFO's Manuals, trade secrets, proprietary information, rights, interests, policies, procedures, techniques, methods and materials acquired by Franchisee in connection with the franchise relationship established by the Franchise Agreement, including, but not limited to: (i) specifications, recipes and descriptions of food products; (ii) DFO's Manuals, memoranda, bulletins, forms, reports, instructions, directives and supplements thereto; (iii) training methods and materials provided by DFO; (iv) brochures, posters and other advertising materials; and (v) the Denny's Marks, including without limitation, all trademarks, trade names, service marks, logotypes, labels, designs and other identifying symbols and names pertaining thereto. *See* Franchise Agreement § 19.1(a).

22. If the franchisee is subleasing the restaurant from DFO or Denny's, the franchisee must, upon termination, "promptly and peaceably deliver and surrender . . . possession of the Restaurant building, parking lot, and fixtures." *See* Franchise Agreement § 19.1(b).

23. Upon termination of the Franchise Agreement, DFO may retain all fees paid pursuant to the agreement. *See* Franchise Agreement § 19.1(c).

24. In the event of a termination, Section 19.2 of the Franchise Agreement provides that the franchisee must pay DFO promptly all sums owed to the Company at the time of termination. If the termination is caused by the franchisee's default, "such sums

shall include all damages, costs and expenses, including reasonable attorneys' fees, incurred by [DFO] as a result of the [franchisee's] default . . . ."

25. Pursuant to Sections 19.1(a) and 20.3 of the Franchise Agreement, a franchisee is prohibited from using the *Denny's®* name or trademarks, except as a duly authorized franchisee. Accordingly, upon termination, the franchisee must fully and immediately de-identify the Restaurant as a *Denny's®* restaurant, and cease operating it as such.

26. Section 20.4 of the Franchise Agreement provides as follows:

> Franchisee acknowledges that, in connection with the operation of the franchised business, the Company will be disclosing confidential information and trade secrets to Franchisee. Franchisee further acknowledges that its knowledge of, and access to, the Company's formulae, recipes, processes, products, techniques, know-how and other proprietary information (collectively referred to herein as the "Confidential Information") are derived entirely from the material disclosed to Franchisee by the Company. Franchisee acknowledges and agrees that at all times and in all respects, the Confidential Information is a trade secret of the Company and that Franchisee has only a license to use this Confidential Information according to the provisions of this Agreement.

27. Upon termination of the Franchise Agreement, the franchisee must cease using all of DFO's Confidential Information (as defined in Section 20.4): "[a]fter the expiration or termination of this Agreement, Franchisee shall not divulge the Confidential Information to any person or entity, nor shall Franchisee use the Confidential Information in any manner." *See* Franchise Agreement § 20.4(a).

28. Section 20.5 of the Franchise Agreement contains a covenant not to compete that precludes the franchisee from owning or operating any "coffee shop or family style restaurant business which is substantially similar to the franchised business

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

which is located within a radius of fifteen (15) miles of the location of the Restaurant" for a period of two years from the date of the termination.

**Recovery of attorneys' fees and injunctive relief**

29. Under Section 21.9 of the Franchise Agreement, the prevailing party in an action to enforce the agreement shall be entitled to an award of attorneys' fees:

> In the event of the bringing of any action by either party against the other arising out of or in connection with this Agreement or the enforcement thereof, of by reason of the breach of any term, covenant or condition of this Agreement on the part of either party, the party in whose favor final judgment shall be entered shall be entitled to have and recover from the other party reasonable attorney's fees to be fixed by the court which shall have rendered the judgment.

30. Section 21.12 provides that DFO shall be entitled to injunctive relief in the event that certain breaches of the Franchise Agreement occur:

> Franchisee recognizes the unique value and secondary meaning attached to the Denny's System, the Denny's Marks, the Confidential Information and the associated standards of operation and trade practices, and Franchisee agrees that any noncompliance with the terms of this Agreement or any unauthorized or improper use will cause irreparable harm to [DFO] and its franchisees. Franchisee therefore agrees that if it should engage in any such unauthorized or improper use, during or after the term of this Agreement, the Company shall be entitled to both permanent and temporary injunctive relief from any court of competent jurisdiction in addition to any other remedies prescribed by law.

**The Sublease Agreement Between Denny's and Kennedy Restaurants**

31. On October 24, 1995, Kennedy Restaurants entered into a "Sublease – Restaurant" (hereinafter, "Sublease Agreement") with Denny's, Inc., under which Denny's subleased to Kennedy Restaurants the premises on which the Restaurant is located (the "Premises"). A true and correct copy of the Sublease Agreement is attached as **Exhibit 2**.

32. Pursuant to the Sublease Agreement, Kennedy Restaurants agreed to pay rent and other charges to Denny's in exchange for its use of the Premises.

33. "[D]efaults under the terms of a franchise agreement . . . or any other agreement between Sublessor, its subsidiaries, parent company or affiliates, and Sublessee," constitutes an event of default under the Sublease Agreement, entitling Sublessor to exercise all of its rights and remedies under the Sublease Agreement. *See* Sublease Agreement § 16.

34. In the event of a default under the Sublease Agreement, Sublessor may, at any time after five days notice, (1) re-enter and take possession of the Premises, (2) remove the sublessee's property from the Premises, (3) re-let the Premises (or any part thereof) on terms deemed appropriate to Denny's, or (4) terminate or cancel the Sublease Agreement, and apply the proceeds obtained from re-letting the premises to satisfy any past-due rent. *See* Sublease Agreement § 16.

35. Section 18 of the Sublease Agreement provides in pertinent part that, "[i]n the event that either party brings an action against the other by reason of the alleged breach of any term, covenant or condition of this Sublease, the prevailing party shall be entitled to recover from the other party all legal expenses, including reasonable attorney's fees, in an amount to be fixed by the court rendering such judgment."

**The Personal Guarantee Signed by Defendants Kennedy and Burton**

36. On October 25, 1995, defendants Kennedy and Burton signed a "Personal Guarantee of Franchise Agreement" (hereinafter, "Guarantee") under which they "unconditionally guarantee[d] the full payment and performance of, and expressly agree[d] to adopt and be bound by, each and all of the terms, covenants and conditions of" the Franchise Agreement. A true and correct copy of the Guarantee is attached as **Exhibit 3**.

**Kennedy Restaurants' Breaches of the Franchise and Sublease Agreements, and Plaintiffs' Termination of the Agreements**

37. During its tenure as a franchisee, Kennedy Restaurants has regularly and habitually breached the terms and conditions of the Franchise Agreement.

38. Most recently, on October 14, 2008; on December 10, 2008; and on January 30, 2009, DFO provided written notices of default to Kennedy Restaurants regarding its failure to pay Royalty Fees and Ad Fees on a timely basis in accordance with the terms of the Franchise Agreement.

39. Additionally, as of March 16, 2009, Kennedy Restaurants owed past-due Royalty Fees, Ad Fees, and other charges totaling $3,321.60 (collectively, the "Past-Due Amounts"). The Past-Due Amounts are all more than 90 days past due, representing unpaid Royalty Fees, Ad Fees and Rent for the weeks ending December 3, 2008, and December 31, 2008. The Past-Due Amounts remain unpaid.

40. Kennedy Restaurants also breached the Franchise Agreement by, among other things, failing to keep the Restaurant in a "clean, safe and sanitary condition at all times," as required by Section 12.1. A health department inspection on February 11, 2009, revealed "improper cooling/thawing procedures" at the Restaurant.

41. Based on the above-described defaults, all of which occurred within a 12-month period, DFO terminated the Franchise Agreement on March 16, 2009, pursuant to Section 18.2(i). A true and correct copy of the March 16, 2009 Notice of Termination is attached as **Exhibit 4**.

**Kennedy Restaurants' Post-Termination Breaches of the Franchise Agreement**

42.  Following the Notice of Termination, Kennedy Restaurants has continued, and as of today's date, still continues, to hold itself out as a *Denny's*® franchisee by, among other things, operating the Restaurant as though it were a duly-authorized *Denny's*® restaurant, using and displaying the Denny's Marks, using the Denny's System, and using Plaintiffs' Confidential Information, notwithstanding the fact that it lost its right to do so as of March 16, 2009, when the Notice of Termination was served.

43.  In addition to the breaches described in the preceding paragraph, Kennedy Restaurants has failed and refused to abide by any of its other post-termination covenants of the Franchise Agreement.

## CLAIMS FOR RELIEF
### COUNT ONE
**Federal Trademark Infringement**
**(Against All Defendants)**

44.  Plaintiffs reallege and incorporate by reference each of the preceding paragraphs.

45.  Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

46.  Defendants' unauthorized use and misuse of the *Denny's*® name and the Denny's Marks creates the likelihood that consumers will be confused, deceived, or misled as to the origin of Kennedy Restaurants' services or DFO's affiliation with or sponsorship of those same services.

47. Defendants' conduct directly and contributorily infringes the Denny's Marks and DFO's federal registration for the Denny's Marks, and therefore constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

48. Defendants' conduct has caused and, unless enjoined, will continue to cause, DFO to suffer immediate, irreparable and continuous loss, damage, and injury to its goodwill and reputation.

49. Monetary damages will not provide full and adequate relief for all of DFO's injuries resulting from Kennedy Restaurants' unlawful conduct.

50. DFO is therefore entitled to an injunction pursuant to 15 U.S.C. § 1116.

51. Defendants' acts of infringement are willful, and entitle DFO to an award of its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT TWO
### Federal Unfair Competition and False Designation of Origin
### (Against All Defendants)

52. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs.

53. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval . . . goods [or] services . . . shall be liable in a civil action . . . ."

54. Defendants' misuse and unauthorized use of the *Denny's*® name and the Denny's Marks, in connection with its identification of its business creates the likelihood

that consumers will be confused, deceived, and misled as to the source, affiliation or sponsorship of Kennedy Restaurants' products and services.

55. Defendants' conduct constitutes false designation of origin and false representation under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendants' conduct has caused and, unless enjoined, will continue to cause, DFO to suffer immediate, irreparable and continuous loss, damage, and injury to its goodwill and reputation.

57. Monetary damages will not provide full and adequate relief for all of DFO's injuries resulting from Defendants' unlawful conduct.

58. DFO is therefore entitled to an injunction pursuant to 15 U.S.C. § 1116.

## COUNT THREE
### Breach of Contract – Post-Termination Obligations
### (Against Defendant Kennedy Restaurants, L.L.C.)

59. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs.

60. As alleged herein, the Franchise Agreement contained certain post-termination obligations, including but not limited to a covenant not to compete, which prohibits Kennedy Restaurants from owning or operating any "coffee shop or family style restaurant business which is substantially similar to the franchised business which is located within a radius of fifteen (15) miles of the location of the Restaurant" for a period of two years from the date of the termination.

61. As alleged herein, Kennedy Restaurants has breached the post-termination provisions of the Franchise Agreement by, among other things, continuing to operate the Restaurant.

62. As a direct and proximate result of Kennedy Restaurants' breaches of the above-described post-termination obligations, DFO has suffered, and continues to suffer,

1 irreparable harm to its reputation and goodwill, for which there is no adequate remedy at law.

63. DFO is therefore entitled to injunctive relief.

64. Under Section 21.9 of the Franchise Agreement, DFO is entitled to recover from Kennedy Restaurants its reasonable attorneys' fees and costs if it prevails in this action.

65. This is a contested action arising out of a contract within the meaning of A.R.S. § 12-341.01(A). Therefore, in the alternative, DFO is entitled to recover its attorneys' fees from Kennedy Restaurants if DFO is the successful party in this action.

## COUNT FOUR
### Breach of Contract – Non-Payment
### (Against All Defendants)

66. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs.

67. As alleged herein, the Franchise Agreement, the Sublease Agreement and the Guarantee required Kennedy Restaurants, and defendants Kennedy and Burton as guarantors, to pay certain fees for use of the Denny's Marks and the Denny's System, and for the use of the Premises.

68. Defendants have breached those payment obligations, as alleged herein.

69. As a direct and proximate result of Defendants' breaches of these obligations, DFO and Denny's have been damaged in an amount to proven at trial.

70. Under Section 21.9 of the Franchise Agreement, DFO is entitled to recover from Defendants its reasonable attorneys' fees and costs if it prevails in this action.

71.     Under Section 18 of the Sublease Agreement, Denny's is entitled to recover from Defendants its reasonable attorneys' fees and costs if it prevails in this action.

72.     This is a contested action arising out of a contract within the meaning of A.R.S. § 12-341.01(A). Therefore, in the alternative, DFO is entitled to recover its attorneys' fees if it is the successful party in this action.

### COUNT FIVE
### Declaratory Relief – Breach of the Sublease Agreement
### (Against Kennedy Restaurants, L.L.C.)

73.     Plaintiffs reallege and incorporate by reference each of the preceding paragraphs.

74.     As alleged herein, DFO lawfully terminated the Franchise Agreement pursuant to Section 18.2(i) because Kennedy Restaurants failed more than three times within a 12-month period to comply with one of more standards or requirements of the Franchise Agreement (including payment obligations) after receiving notice.

75.     Under Section 16 of the Sublease Agreement, "defaults under the terms of a franchise agreement . . . or any other agreement between Sublessor, its subsidiaries, parent company or affiliates, and Sublessee," constitutes an event of default under the Sublease Agreement.

76.     Based on the foregoing, Denny's is entitled to a judicial declaration that the Sublease Agreement was lawfully terminated by the Notice of Termination, thus entitling Denny's to exercise all of its rights and remedies under the Sublease Agreement.

77.     Based on foregoing, DFO is entitled to a judicial declaration that Kennedy Restaurants must "promptly and peaceably deliver and surrender to [DFO] possession of the Restaurant building, parking lot, and fixtures" in accordance with Section 19.1(b) of the Franchise Agreement.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

78. Under Section 21.9 of the Franchise Agreement, DFO is entitled to recover from Kennedy Restaurants its reasonable attorneys' fees and costs if it prevails in this action.

79. Under Section 18 of the Sublease Agreement, Denny's is entitled to recover from Kennedy Restaurants its reasonable attorneys' fees and costs if it prevails in this action.

80. This is a contested action arising out of a contract within the meaning of A.R.S. § 12-341.01(A). Therefore, in the alternative, DFO is entitled to recover its attorneys' fees from Kennedy Restaurants if it is the successful party in this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff DFO, LLC, and Denny's Inc., demand judgment against Defendants, and each of them, as follows:

A. For a temporary restraining order and/or preliminary injunction enjoining Kennedy Restaurants, its agents, servants, employees, and all those in active concert or participation with them from:

    (1) Making any use of the Denny's Marks, any colorable imitation thereof, or any other confusingly similar marks;

    (2) Using or disclosing to third persons the Denny's System, and/or DFO's Manuals, trade secrets, proprietary information, rights, interests, policies, procedures, techniques, methods and materials acquired by Franchisee in connection with the franchise relationship established by the Franchise Agreement; and

    (3) Violating the terms of the covenant not to compete contained in the Franchise Agreement.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

B.   For a mandatory injunction directing Kennedy Restaurants to immediately fulfill all of its post-termination obligations under the Franchise Agreement;

C.   For compensatory damages against all Defendants in an amount to be proven at trial;

D.   For reasonable attorneys' fees pursuant to the Franchise Agreement and/or the Sublease Agreement, or, in the alternative under A.R.S. § 12-341.01;

E.   For costs and related non-taxable expenses;

F.   For pre-judgment interest on the foregoing sums at a rate of 15% in accordance with the Franchise Agreement, and post-judgment interest on the foregoing sums at the highest rate allowable by law until paid in full; and

G.   For any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 10th day of April, 2009.

GREENBERG TAURIG, LLP

By:   /s/ Aaron C. Schepler
      Jeffrey H. Wolf
      Aaron C. Schepler
      Attorneys for Plaintiffs