Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Attorneys for Defendants
Lonnie J. Williams, Jr. (#005966)
lonnie.williams@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denny's, Inc., a California corporation; DFO, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Kennedy Restaurants, L.L.C., an Arizona limited liability company; Sandra D. Kennedy and John Doe Kennedy, husband and wife; M.C. Burton, Jr., and Jane Doe Burton, husband and wife, ,<br><br>　　　　　Defendants. | NO. 2:09 CV 00741-SRB<br><br>ANSWER OF KENNEDY RESTAURANTS, L.L.C., SANDRA D. KENNEDY AND M.C. BURTON, JR.<br><br>(Jury Trial Demanded) |

Defendants, Kennedy Restaurants, L.L.C., Sandra D. Kennedy and M.C. Burton Jr., ("Defendants") for their Answer to Plaintiffs' Complaint, admit, deny and allege as follows:

### SUMMARY OF ACTION

1. Paragraph 1 of Plaintiffs' Complaint does not contain factual allegations that require Defendants to admit or deny the same.

### PARTIES, JURISDICTION AND VENUE

2. Defendants admit that Denny's Inc. is a corporation organized and existing

under the laws of the State of California. Defendants do not have sufficient knowledge or information to respond to the remaining allegations of Paragraph 2 of the Complaint.

3. Defendants admit that DFO LLC is a limited liability company organized and existing under the laws of the State of Delaware. Defendants do not have sufficient knowledge or information to respond to the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit that Sandra D. Kennedy is a resident of the State of Arizona. Defendants deny the remaining allegations of Paragraph 5 of the Complaint.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants admit that M.C. Burton, Jr. is a citizen of the State of Arizona. Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

## GENERAL ALLEGATIONS

### DFO's Business and the Denny's® Marks

11. Defendants admit that DFO sells franchise agreements throughout the United States under the name Denny's.

12. Defendants are without sufficient information and knowledge to admit, deny or otherwise respond to the general allegations of Paragraph 12 of the Complaint and therefore deny the same.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

. . . .

**The Franchise Agreement Between DFO and Kennedy Restaurants**

**Defendants' obligation to pay royalty fees and ad fees on a timely basis**

15.     Admit that on or about October 24, 1995, and continuing since that date, Defendants have operated a Denny's franchise in the State of Arizona, located at 4303 West Glendale Avenue, Glendale, Arizona. Further admit that a copy of the Franchise Agreement is attached as Exhibit 1 to the Complaint and that Exhibit 1, as modified by the parties' course and conduct, is the Agreement.

16.     Admit that in Paragraph 16 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date.

17.     Admit that in Paragraph 17 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date.

18.     Defendants deny the allegations of Paragraph 18 of the Complaint.

19.     Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants deny the allegations of Paragraph 20 of the Complaint.

**The post-termination restrictive covenants contained in the Franchise Agreement**

21.     Admit that in Paragraph 21 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of

conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

22. Admit that in Paragraph 22 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

23. Admit that in Paragraph 23 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

24. Admit that in Paragraph 24 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

25. Admit that in Paragraph 25 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

26. Admit that in Paragraph 26 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

27. Admit that in Paragraph 27 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

28. Admit that in Paragraph 28 of the Complaint Plaintiffs paraphrases or cites the terms of the Franchise Agreement, attached as Exhibit 1 to the Complaint. Defendants also admit that Plaintiffs have correctly cited Exhibit 1, but deny that Exhibit 1 can be interpreted without looking at the actions of the parties and the course and scope of conduct between 1995 and the present date. Defendants further deny that the Franchise Agreement was terminated.

**Recovery of attorneys' fees and injunctive relief**

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint and allege that the terms upon which injunctive relief can be granted are governed by Arizona law.

**The Sublease Agreement Between Denny's and Kennedy Restaurants**

31. Admit that in connection with the Franchise Agreement Defendants executed a Sublease Agreement. A copy of the Sublease Agreement is attached as Exhibit

1  2 to Plaintiffs' Complaint.

2  32. Admit the allegations of Paragraph 32 of the Complaint.

3  33. Deny the allegations of Paragraph 33 of the Complaint.

4  34. Deny the allegations of Paragraph 34 of the Complaint.

5  35. Admit that in Paragraph 35 of the Complaint Plaintiffs paraphrases or cites
6  the terms of the Sublease Agreement, attached as Exhibit 2 to the Complaint. Defendants
7  admit that Plaintiffs have correctly cited Exhibit 2, but deny that Exhibit 2 can be
8  interpreted without looking at the actions of the parties and the course and scope of
9  conduct between 1995 and the present date.

**The Personal Guarantee Signed by Defendants Kennedy and Burton**

36. Defendants admit the execution of the Guarantee, but deny the remaining allegations of Paragraph 36 of the Complaint.

**Kennedy Restaurants' Breaches of the Franchise and Sublease Agreements, and Plaintiffs' Termination of the Agreements**

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint and allege that the parties entered into a written agreement on or about December 10, 2008 which cured any prior defaults.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

**Kennedy Restaurants' Post-Termination Breaches of the Franchise Agreement**

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

. . . .

. . . .

## CLAIMS FOR RELIEF

## COUNT ONE
### Federal Trademark Infringement
### (Against All Defendants)

44. Defendants incorporate their answers to Paragraphs 1-43 of the Complaint as though fully set forth herein.

45. Paragraph 45 of the Complaint does not contain any factual allegations that require Defendants to admit or deny.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

## COUNT TWO
### (Federal Unfair Competition and False Designation of Origin
### (Against All Defendants)

52. Defendants incorporate their answers to Paragraphs 1-51 of the Complaint as though fully set forth herein.

53. Paragraph 53 of the Complaint does not contain any factual allegations that require Defendants to admit or deny.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

. . . .

## COUNT THREE
### Breach of Contract--Post-Termination Obligations
### (Against Defendant Kennedy Restaurants, L.L.C.)

59. Defendants incorporate their answers to Paragraphs 1-58 of the Complaint as though fully set forth herein.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny the allegations of Paragraph 51 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

## COUNT FOUR
### Breach of Contract--Non-Payment
### (Against All Defendants)

66. Defendants incorporate their answers to Paragraphs 1-63 of the Complaint as though fully set forth herein.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Complaint.

72. Defendants deny the allegations of Paragraph 72 of the Complaint.

## COUNT FIVE
### Declaratory Relief--Breach of the Sublease Agreement
### (Against Kennedy Restaurants, L.L.C.)

73. Defendants incorporate their answers to Paragraphs 1-72 of the Complaint as though fully set forth herein.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.
75. Defendants deny the allegations of Paragraph 75 of the Complaint.
76. Defendants deny the allegations of Paragraph 76 of the Complaint.
77. Defendants deny the allegations of Paragraph 77 of the Complaint.
78. Defendants deny the allegations of Paragraph 78 of the Complaint.
79. Defendants deny the allegations of Paragraph 79 of the Complaint.
80. Defendants deny the allegations of Paragraph 80 of the Complaint.

**AFFIRMATIVE DEFENSES**

81. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, duress, unclean hands, fraud, waiver and laches.

82. Plaintiffs are estopped from asserting the claims contained in their Complaint due in part to their violation of state and federal law and their selective enforcement of the terms of their Franchise Agreements.

83. Plaintiffs' actions violate the covenant of good faith and fair dealing and constitute an abuse of discretion in violation of Arizona law.

84. As and for other affirmative defenses, Defendants incorporate herein by reference all affirmative defenses required to be set forth by Rule 8, Fed.R.Civ.Proc.

WHEREFORE, Defendants demand judgment against Plaintiffs as follows:

1. Dismissal of Plaintiffs' Complaint with prejudice;
2. For costs, disbursements and attorney's fees, plus interest until paid;
3. For other relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 14th day of May, 2009.

. . . .

. . . .

. . . .

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391


By s/Lonnie J. Williams, Jr.
   Lonnie J. Williams, Jr.
   Lonnie J. Williams, Jr. (#005966)
   lonnie.williams@quarles.com

Attorneys for Defendants

I hereby certify that on the 14th day of May, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey H. Wolf
Aaron C. Schepler
Greenberg Traurig, L.L.P.


s/Debbie Messing
QB\136237.00002\8037739.1